George Redman, Defendant in Error, v. The Shrader Drug Company, Plaintiff in Error.

PLEADING—*when plea to merits may be made after plea in abatement*. Where service is had upon an alleged agent of a corporation, a plea in abatement by the corporation reciting that it was a resident of a foreign state, had no place of business in Illinois and no agent upon whom service could be legally had, brings the case within the Practice Act, § 45, as amended by the Act of 1907, which provides that if the issue on certain pleas in abatement is found against the defendant, the judgment shall be *respondeat ouster*, and the issue being found against the defendant it is entitled to plead to the merits.

Error to the County Court of Sangamon county; the HON. JOHN B. WEAVER, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded with directions. Opinion filed October 15, 1912.

HENRY NEGUS and SMITH & FRIEDMEYER, for plaintiff in error.

ANDRUS & TRUTTER, for defendant in error.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in *assumpsit* brought by defendant in error against the plaintiff in error in the Sangamon County Court, to the October term, 1911.

Service was had upon one L. W. Satchell, who is designated in the return of the sheriff as agent of the plaintiff in error. The plaintiff in error appeared and, through counsel, filed a plea in abatement, alleging that the plaintiff in error was a corporation organized under the laws of the State of Iowa; that it was not engaged in business in, and was not a resident of, the State of Illinois; that it had no established place of business in Illinois; that it sold goods only in original packages and delivered the same through common carriers; that Mr. Satchell, upon whom service was had, was in the County of Sangamon and State of Illinois, when served, for the sole

and only purpose of arranging, directing and adjusting matters growing out of the sale of its products in original packages; that the defendant below was not subject to service in Illinois; that such service was in violation of the rights of the plaintiff in error and not such service as is required by the laws of the State of Illinois or of the United States.

A replication was filed to the plea and a hearing had thereon. The court found the issues, under the plea, against the plaintiff in error, to which finding of the court the plaintiff in error excepted, and moved the court for leave to plead to the merits of the declaration. This motion was overruled and plaintiff in error denied the right to plead to the merits, to which plaintiff in error again excepted.

By order of the court the plaintiff in error was then called and defaulted, evidence heard and judgment was rendered against the plaintiff in error in the sum of $812.67 and costs of suit, in favor of the defendant in error, and execution was awarded.

Plaintiff in error thereupon made a motion to set aside the default and grant leave to plead to the declaration, which was by the court overruled, and plaintiff in error excepted and an appeal was prayed and granted to this court.

The only error complained of that is necessary to be here considered in the disposition of this case is, did the court err in denying the motion to plead to the declaration?

Section 45 of our Practice Act, as amended by the act in force July 1, 1907, is as follows: "If the issue on any plea in abatement is the truth of a statement in the return on the summons, or that the defendant is sued out of his proper county, or is not subject to suit in the county in which the suit is brought, or that the court has no jurisdiction over the person of the defendant, and such issue is found against the defendant, the judgment shall be *respondeat ouster*."

The plea in this case is to the jurisdiction of the

court over the defendant; that the defendant was a resident of a foreign state, had no place of business in this state and no agent upon whom service could be legally had. This brings the case clearly within the provisions of said section 45 of the Practice Act.

The court, therefore, erred in denying the plaintiff in error the right to plead to the merits of the declaration, and for that reason the judgment of the court will be reversed and the cause remanded with directions to permit the plaintiff in error to plead to the merits of the declaration.

*Reversed and remanded with directions.*