## F. C. O'Donoghue, Plaintiff in Error, v. St. Louis Southwestern Railway Company, Defendant in Error.

## Gen. No. 18,132.

1. PROCESS—*what service on corporation sufficient.* Under section 8 of the Practice Act service of summons is sufficient to bring the defendant railway corporation, doing business in Illinois, within the jurisdiction of the court where there is nothing to contradict the return of the sheriff that service was had on one designated as chief clerk and agent of such corporation in the county in which the action is brought, and there is nothing to indicate that the person served is not such an agent as is contemplated by said act.

2. CORPORATIONS—*when foreign railroad corporation doing business in Illinois.* Where a foreign railroad corporation operates trains and conducts its business as a common carrier between points in Illinois, it is doing business in Illinois within the statute relating to the liabilities and duties of foreign corporations doing business in the state.

3. CORPORATIONS—*where may be sued.* The provisions of the Practice Act concerning where actions may be brought, and concerning actions against a railroad or bridge company, are not mandatory, but the provision that actions against a railroad or bridge company "may be brought in the county," etc., should be read as an enlargement of the first part of the act.

4. STATUTORY LAW—*construction.* The words "may" and "shall" in a statute are to be read interchangeably as will best express the legislative intent.

Error to the Municipal Court of Chicago; the HON. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed May 29, 1913.

CHARLES A. BUTLER, for plaintiff in error.

JEFFERY & CAMPBELL, for defendant in error; CHARLES V. CLARK, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This case is brought to this court for the purpose of reviewing the order of the trial judge sustaining the

motion of the Railway Company, hereinafter called the defendant, to dismiss the case on the ground that the venue in said action was improperly laid, and that the court was without jurisdiction over the subject-matter of the suit.

The plaintiff brought suit in the Municipal Court of Chicago, seeking to recover for alleged damages to fruit shipped over defendant's lines. By the return of the sheriff it appears that summons was served by delivering a copy thereof, with the *praecipe*, statement of claim and affidavit attached, to "F. N. Winter, Chief Clerk and Agent of said Corporation." The defendant filed a special appearance for the purpose of moving to dismiss for want of jurisdiction. Upon the hearing of the motion there was read an affidavit of James C. Jeffery, reciting that he was the agent of the defendant, with his office in the First National Bank Building, Chicago, Cook county, Illinois, and that the defendant does not lease, operate or control any lines of railroad in Chicago or the county of Cook; that its principal office is in St. Louis, Missouri, and that affiant was informed and believed that the said cause of action did not arise or accrue in the city of Chicago or county of Cook. In addition to the affidavit certain admissions of fact were made by the defendant and considered by the court. These admissions were that the defendant was a corporation organized under the laws of Missouri, with its principal office in the city of St. Louis, Missouri, with a line of railroad extending through Arkansas and Missouri, and that it operates trains and conducts its corporate business of common carrier over the lines of another road from Thebes, Illinois, to East St. Louis, Illinois; that it does not own, control or operate any line or lines of railroad in Cook county, and has no principal office in Cook county, and that the cause of action did not arise in Cook county; that it employs certain agents in Cook county merely for the solicitation of business, but that none of these

agents have any contractual powers, nor can they sell tickets, nor receive nor pay out money, nor issue bills of lading, nor perform duties other than the mere solicitation of business for the defendant.

Thereupon the court entered the aforesaid order of dismissal, giving as reasons therefor that the defendant has no principal office in Cook county, and that the cause of action did not accrue in said county, and that the defendant has no line or lines of railroad running into or through said county, and that it was not doing business in said county.

The sections of the statutes involved in the consideration of the question before us are as follows:

Section 6 of chapter 110, Hurd's Revised Statutes, provides:

"SUITS, WHERE BROUGHT. It shall not be lawful for any plaintiff to sue any defendant out of the county where the latter resides or may be found, except in local actions, and except that in every species of personal actions in law where there is more than one defendant, the plaintiff commencing his action where either of them resides, may have his writ or writs, issued directed to any county, or counties where the other defendant, or either of them may be found: * * * Actions against a railroad or bridge company, may be brought in the county where its principal office is located, or in the county where the cause of action accrued, or in any county into, or through which its road or bridge may run."

Section 8 of chapter 110, Hurd's Revised Statutes provides:

"SERVICE ON CORPORATION—RETURN. An incorporated company may be served with process by leaving a copy thereof with its president, if he can be found in the county in which the suit is brought. If he shall not be found in the county, then by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county; * * * "

Section 26 of chapter 32, Hurd's Revised Statutes, provides that:

"FOREIGN CORPORATIONS—REAL ESTATE. Foreign corporations, and the officers and agents thereof, doing business in this state, shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers.   *   *   *   "

The sole question for our determination is whether, under the facts before us, the service of the summons was sufficient to bring the defendant within the jurisdiction of the court. One consideration, at least, leads us to the conclusion that the service on defendant was good and that the court erroneously entered the order of dismissal. By section 26 of chapter 32, above quoted, it is provided that foreign corporations "doing business in this state," shall be subjected to the same liabilities, restrictions and duties as are imposed upon domestic corporations. The defendant herein, as shown by the record, operates trains and conducts its business as a common carrier from Thebes, Illinois, to East St. Louis, Illinois; that is, it is "doing business" in the state of Illinois, and therefore clearly comes within the provisions of section 26, and is subject to the same liabilities of summons as is a domestic corporation.

Turning, then, to section 8, chapter 110, for directions for serving such a defendant, we find that service may be made "by leaving a copy of the process with any clerk, secretary, superintendent, general agent, cashier, principal, director, engineer, conductor, station agent, or any agent of said company found in the county" in which the suit is brought. Nothing appears from the record to show that Winter, described in the return as the chief clerk and agent of the defendant, is not such an agent as is contemplated by section 8 as a proper party to be served.

The fact that the defendant carries on its business as a common carrier in operating trains, and all business incident thereto, in this state, distinguishes this case from *Booz v. Texas & Pac. Ry. Co.*, 250 Ill. 376, in which case the question decided was whether the presence of an agent in this state with no contractual powers constituted "doing business" in this state. That is not the question before us, for it is admitted that the defendant is engaged in the business of a common carrier in this state.

But considered even in the light of the *Booz* case, *supra,* there is no showing made here that defendant's agent, Winter, was not possessed of sufficient authority to bring the defendant within the designation of a corporation "doing business in this state." The admission of facts states that the defendant employs certain agents without contractual powers but merely to solicit business, but it does not appear that Winter was one of such agents, and there is nothing tending to contradict the return of the sheriff upon the summons.

We cannot assent to the contention by the defendant that the provisions of section 6, chapter 110, concerning actions against a railroad, are mandatory. The section must be construed as a whole, and the provision that actions against a railroad or bridge company "may be brought in the county," etc., should be read as an enlargement of the first part of the act, which undertakes to limit the right of a plaintiff in bringing an action. The words "may" and "shall" in a statute are to be read interchangeably, as will best express the legislative intent, and in this instance the legislative intent to extend or enlarge the plaintiff's right to bring his action is properly expressed by the permissive word "may," and not by the mandatory word "shall." Furthermore, the construction claimed by the defendant would bring this section in conflict with the obvious meaning of sections 26 and 8, as above explained, and would deprive the plaintiff of a right

which is clearly granted by said sections of the statute. We must not strain for a construction which results in a conflict between statutes which without such construction would be consistent with each other.

For the reasons above indicated, we hold that the court had jurisdiction of the defendant, and that the court was in error in sustaining the motion to dismiss the suit, and the order of dismissal will therefore be reversed and the cause remanded.

*Reversed and remanded.*