## Mid-City Trust & Savings Bank, Defendant in Error, v. Chicago, Milwaukee & St. Paul Railway Company, Plaintiff in Error.

### Gen. No. 20,768.

1. CARRIERS, § 60*—*when carrier liable to purchaser of bill of lading.* The Bill of Lading Act (J. & A. ¶ 2188), providing that where a bill of lading states that the goods are received "shipper's load and count" the carrier shall not be liable for error in count or description of goods, does not relieve the carrier as against an innocent purchaser of the bill of lading, where, in fact, no goods whatever have been received by it.

2. CARRIERS, § 60*—*when act of agent fraudulently issuing bill of lading within scope of authority.* Where an agent of a common carrier fraudulently issues a negotiable bill of lading for goods not in fact received by him, his act in so doing is so within the scope of his apparent authority as to render the carrier liable to an innocent purchaser for value of the bill of lading.

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 29, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

J. N. Davis, for plaintiff in error; H. H. Field, of counsel.

Gustav E. Beerly, for defendant in error; Ellis S. Chesbrough, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiff filed its statement of claim in the Municipal Court, and defendant filed an affidavit of defense, which on motion was stricken from the files, and judgment was entered against defendant, which it seeks to have reversed.

By its statement of claim plaintiff alleged that it was the holder of a negotiable bill of lading issued by the defendant, a copy of which was attached to the statement; that plaintiff gave "value in good faith relying upon the description of kind, quantity and condition of the goods therein mentioned or described in the said bill"; that afterwards it demanded of the defendant the delivery of said goods, but defendant "failed, neglected and refused to deliver or surrender said goods to the plaintiff, to the damage of the plaintiff in the sum of $312.80." The bill of lading attached is a negotiable bill, and the goods are described as one car of "Brewers' Refuse"; it is signed "Nelson W. Pierce, Agent, Per H. C. W.," and upon its face are these words: "Received by C. M. & St. Paul Ry. Co. (Team Tracks Kinzie Street) Sept. 6, 1913. 'Shippers' L. C. & Tally. Not responsible beyond terminal stations on this line. N. W. Pierce, Agency, Chicago, Illinois." This bill of lading is described by the parties as "Exhibit A."

The affidavit of defense alleged the nature of the defense to be that defendant did not at any time receive a car of Brewers' refuse and "that the consignor named in plaintiff's exhibit 'A,' through fraud, de-

ceit and misrepresentation, influenced the agent of this defendant, who executed said bill of lading on behalf of the defendant, to issue said bill of lading; that the agent signing said bill of lading as covered by plaintiff's exhibit 'A' acted outside of the scope of his authority in executing said bill of lading.''

After the motion to strike had been argued the parties entered into a stipulation which, in substance, was that in the event the court should determine that the defendant's affidavit did not ''present a good and sufficient or legal defense'' judgment should be entered against defendant for $312.80, both parties waiving the right to introduce evidence.

We hold that the court committed no error in striking the affidavit of defense and entering judgment.

Counsel have argued many phases of this controversy, but as we view it the rights of the parties are determined by statute. The facts fall squarely within section 23 of the Statute entitled ''An Act in regard to bills of lading and to create, define and punish certain criminal offenses in relation thereto. Approved June 5, 1911, in force July 1, 1911,'' chapter 27, Illinois statutes. (J. & A. ¶ 2188.) By this section it is provided in part that:

''If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the issuing of bills of lading, the carrier shall be liable to

(a)　The consignee named in a non-negotiable, or

(b)　The holder of a negotiable bill,

Who has given value in good faith relying upon the description therein of the goods, for damages caused by the non-receipt by the carrier or a connecting carrier of all or part of the goods or their failure to correspond with the description thereof in the bill at the time of its issue.''

It is to be noted that defendant's allegation that its agent ''acted outside of the scope of his authority in

executing said bill of lading," does not negative the fact that he was acting within the scope of his actual or apparent authority to issue bills of lading. The conditions which may relieve the carrier from liability are stated in this section of the statute thus: "The carrier may, also, by inserting in the bill the words 'shipper's load and count' or other words of like purport, indicate that the goods were loaded by the shipper and the description of them made by him; and if such statement be true, the carrier shall not be liable for damages caused by the improper loading or by the non-receipt or by the misdescription of the goods described in the bill." Regarding the words on the bill of lading before us, " 'Shippers' L. C. & Tally," as indicating facts which would relieve the carrier from liability, it should be noted that the exculpatory result is conditioned not only on the presence of such words but also on the fact that they must "be true." Obviously there can be no "shipper's load and count" where no goods whatever were received, and this, defendant claims to be the fact. The statutory words "by the non-receipt" must refer to a situation where there was in fact a loading and tally of goods by the shipper but subsequently a shortage is found; to make them applicable to a case where no goods whatever were received would make them inconsistent with the fact of goods loaded and counted by the shipper.

Under the statute and the facts appearing and conceded by the statement of claim and affidavit of defense, the defendant was liable, and the judgment is affirmed.

*Affirmed.*