[No. 14859. Department Two. December 4, 1918.]

JOHNSON LUMBER COMPANY, *Respondent,* v. GREAT
NORTHERN RAILWAY COMPANY,
*Appellant.*[1]

CARRIERS (10, 14) — BILLS OF LADING — AUTHORITY OF AGENT — TRANSFER—RIGHTS OF INNOCENT HOLDER. A railroad company, whose general agent, having power to receive shipments, issued an exchange bill of lading for a forged bill under a mistake of fact, without ascertaining, as he might, whether the goods had been received, is liable to an innocent purchaser for value of the exchange bill, under Rem. Code, § 3385-23, making the company liable to the holder of a negotiable bill for value for damages caused by nonreceipt by the carrier or misdescription of the goods.

Appeal from a judgment of the superior court for King county, Frater J., entered January 14, 1918, upon findings in favor of the plaintiff, in an action to recover the value of property described in a bill of lading. Affirmed.

[1]Reported in 176 Pac. 343.

*F. G. Dorety* and *H. J. Hagman,* for appellant.
*Alexander & Bundy,* for respondent.

HOLCOMB, J.—This action was brought to recover the value of a carload of shingles, described in a bill of lading issued by the general freight agent of the Great Northern Railway Company at Seattle. The appellant's defense is that the bill of lading was obtained by respondent's assignor in exchange for a forged bill of lading under a mutual mistake of facts, and that the shingles had never been received or shipped by appellant. To this defense respondent replied that it purchased the genuine bill of lading in good faith for value, without knowledge of the circumstances under which it was issued. The bill of lading called for a shipment of a carload of shingles from Blaine, Washington, to Minnesota Transfer, Minnesota.

The appellant contends that the Federal statute governs, and that the general freight agent at Seattle had no actual or apparent authority to receive goods. We think, however, that the appellant acknowledged the receipt of the goods by the issuing of the exchange bill of lading. At any rate, it made it appear that appellant had received them. It was within appellant's power, through its general agent, before the issuance of its exchange bill of lading, to ascertain whether the goods had been received. Rem. Code, § 3385-23, reads:

"If a bill of lading has been issued by a carrier or on his behalf by an agent or employee the scope of whose actual or apparent authority includes the issuing of bills of lading, the carrier shall be liable to,

"(a) The consignee named in a non-negotiable bill, or

"(b) The holder of a negotiable bill,

"Who has given value in good faith relying upon the description therein of the goods, for damages caused by the nonreceipt by the carrier or a connecting car-

rier of all or part of the goods or their failure to correspond with the description thereof in the bill at the time of its issue.   .   .   .''

The general agent had power to receive the shipment anywhere on the carrier's line.

Appellant does not contend that its general freight agent at Seattle had no power to issue an exchange bill of lading. By such issuance of the bill in the state of Washington it made it possible for respondent to believe that appellant had received the goods, and rely upon that belief, and caused the respondent, upon such reliance, to pay value for the bill of lading. It has been held a number of times by this court that he who has made it possible to cause a loss should bear it when otherwise it would fall upon an innocent party.

The judgment is affirmed.

PARKER, J., concurs.

MAIN, C. J., and FULLERTON, J., concur in the result.

### ON REHEARING.
#### [*En Banc.*   May 31, 1919.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court still adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment is affirmed.