**Armour & Company, Appellant, v. Goldsmith & Seidel Company, Appellee.**

### Gen. No. 27,057.

1. CORPORATIONS—*when foreign corporation is doing business in county so as to be subject to process.* Evidence that a foreign corporation engaged in the hide business maintains an office in a county, with its name on the door, which office is in charge of an agent who buys, sells and inspects hides and makes contracts for the corporation subject to confirmation, establishes that the corporation is "doing business" in the county so as to be subject to service of process therein.

2. CORPORATIONS—*service of process on agent of foreign corporation.* An agent in charge of an office for a foreign corporation engaged in the hide business, who buys, sells and inspects hides and makes contracts subject to approval of the corporation, and who testifies that he did "pretty close to anything in the hide line" that came up, is an agent of such foreign corporation so as to be

subject to service of process which is good as against the corporation.

3. APPEAL AND ERROR—*waiver of objection by failure to raise below.* It cannot be contended on appeal that service of process on a foreign corporation is invalid because of the provisions of the Practice Act, sec. 4 (Cahill's Ill. St. ch. 110, ¶ 4), when no such contention was made in the circuit court, where the question of jurisdiction was raised.

Appeal from the Circuit Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded with directions. Opinion filed May 23, 1922.

CHARLES J. FAULKNER, JR., W. C. KIRK and J. C. SPENCE, for appellant.

NEWMAN, POPPENHUSEN, STERN & JOHNSTON, for appellee; LAWRENCE A. COHEN, ABRAHAM GREENSPAHN and A. L. RITTENBERG, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

On October 1, 1920, plaintiff, an Illinois corporation, commenced an action in assumpsit in the circuit court of Cook county against the defendant, a Missouri corporation, having its principal office in the City of St. Louis. Evidence was introduced by both parties on a hearing before the court upon defendant's two pleas to the jurisdiction of the court and plaintiff's replication thereto. On May 31, 1921, the court entered an order sustaining said pleas and quashing the service of two writs of summons on the defendant. As no different or other service could be obtained, the present appeal was taken by plaintiff from said order or judgment.

At the time of the commencement of the action, defendant had complied with the foreign incorporation act of Illinois and had received a certificate of authority to do business in this State. Upon defend-

ant's application for such certificate there was the following statement: "The name of an attorney in fact upon whom service can be had in all suits commenced in the State of Illinois is Nathan Goldsmith, and his address is 1201 Ohio street in the City of Cairo, Illinois."

The original summons was made returnable to the October, 1920, term of the court and was directed to the sheriff of Alexander county, who returned it with the indorsement "too late for service for the October term." An *alias* summons was subsequently issued returnable to the November, 1920, term and likewise directed to said sheriff, who returned it as served on November 3, 1920, on Nathan Goldsmith, president of the defendant corporation. On November 13, 1920, defendant filed a plea to the jurisdiction of the court, alleging that defendant was not found or served with process in Cook county, where the action was begun, but was found and served in Alexander county, and further alleging that at and before the time of the commencement of the action defendant did not reside in Cook county, that it is a Missouri corporation regularly licensed to do business in Illinois, and that its only duly authorized agent upon whom service of process can lawfully be obtained resides in Cairo, Alexander county, Illinois, and never resided in Cook county. Subsequent to the filing of this plea another summons was issued directed to the sheriff of Cook county, which was returned as having been served on November 29, 1920, on Frank G. Wolf, "hide receiver and agent" of defendant corporation, the president thereof not being found in Cook county. On December 20, 1920, defendant filed a second plea to the jurisdiction of the court alleging, in substance, that Frank G. Wolf was not an agent of defendant. On December 28, 1920, plaintiff filed a replication to both of defendant's pleas, alleging as to the first plea that at and before the time of the commencement of

334    APPELLATE COURTS OF ILLINOIS.

Armour & Company v. Goldsmith & Seidel Co., 225 Ill. App. 331.

the action defendant was maintaining an office and doing business in Cook county, Illinois, and as to the second plea that said Frank G. Wolf was at the time of service upon him acting as defendant's agent in Chicago, Cook county, Illinois.

On the hearing the evidence introduced pertained almost exclusively to the questions whether at and before the time of the commencement of the action defendant was doing business in Cook county and whether Frank G. Wolf was at the time of service upon him acting as defendant's agent, in said county. It appeared that defendant was engaged in the hide business and maintained an office in Chicago on the 8th floor of a building on West Randolph street until after November 30, 1920; that Frank G. Wolf was in charge of that office; that the name of the defendant company, as well as Wolf's, was on the door of the office; that Wolf was there personally found and served with process on November 29; that Wolf bought and sold and inspected hides in Chicago and made contracts therefor in the name of the defendant subject to confirmation at the company's principal office in St. Louis, and that his duties to said company were, as stated by the treasurer thereof and a witness in its behalf, "to do pretty close to anything in the hide line that came up in and around Chicago." It further appeared that shortly after December 1, 1920, the defendant closed its office in Chicago and that on December 31, 1920, Wolf ceased to be its agent.

We think that the evidence clearly discloses that at and before the time of the commencement of the action, and up to December 1, 1920, defendant was "doing business" in Chicago, in said Cook county (*Alpena Portland Cement Co. v. Jenkins & Reynolds Co.*, 244 Ill. 354, 360; *Pembleton v. Illinois Commercial Men's Ass'n*, 289 Ill. 99, 104); and that Frank G. Wolf was such an agent of the defendant, at the time of the service of the writ upon him, that the service

was a good service upon the defendant. (*Italian-Swiss Agricultural Colony v. Pease,* 194 Ill. 98, 105; *Gilchrist Transp. Co. v. Northern Grain Co.,* 204 Ill. 510, 514; *Woodard v. Angldile Computing Scale Co.,* 172 Ill. App. 211, 212; *R. M. Owen & Co. v. Johnson,* 184 Ill. App. 90, 98.) It is here contended by counsel for defendant that the summons of November 29, 1921, which was served upon Wolf, was invalid because of the provisions of section 4 of the Practice Act [Cahill's Ill. St. ch. 110, ¶ 4]. But no such contention was made in the circuit court, where there was a trial on the issue, raised by defendant's second plea to the jurisdiction of the court, whether Wolf was an agent of defendant, and counsel for both parties here treat the summons and properly, we think, as an original and not an *alias* summons. In view of the foregoing, we deem it unnecessary to discuss the further point urged by counsel for plaintiff that the action could properly be brought in Cook county and legal service had on defendant by the sheriff of Alexander county serving Nathan Goldsmith, the attorney in fact of defendant, upon whom, as stated in defendant's application above mentioned, "service can be had in all suits commenced in the State of Illinois."

Our conclusion is that the circuit court erred in its order or judgment quashing the service upon the defendant, and the judgment is reversed and the cause is remanded with directions that defendant be allowed to plead to the merits of plaintiff's declarations and for a trial upon the merits of the controversy. (Section 45, Practice Act [Cahill's Ill. St. ch. 110, ¶ 45]; *Redman v. Schrader Drug Co.,* 176 Ill. App. 540; *Miller v. Grand Lodge B. of R. T.,* 282 Ill. 430, 431.)

*Reversed and remanded with directions.*

BARNES and MORRILL, JJ., concur.