## American Hide and Leather Company, Appellee, v. Southern Railway Company, Appellant.

### Gen. No. 28,029.

1. PROCESS—*sufficiency of service of foreign corporation.* A foreign railway corporation was properly served in Cook county and the superior court of that county had jurisdiction of the cause, where it appears that defendant maintained an office in Chicago in charge of a salaried employee who had numerous employees under him and from which he solicited business for defendant and furnished information to persons dealing with it and that service was made on such employee.

2. CARRIERS—*liability on bill of lading for goods not received.* A carrier of freight which has issued a bill of lading through its authorized agent for a large number of bales of hides for shipment to plaintiff is liable for the fair cash value of the quantity of hides shown on such bill of lading although but a small fraction thereof was in the freight cars at the time of delivery to plaintiff, and under the Uniform Bills of Lading Act, sec. 23, Cahill's Ill. St. ch. 27, ¶ 24, the plaintiff is not required to allege and prove that such carrier issued its bills of lading without actually having received the hides covered thereby, the evidence showing that the goods were purchased by an agent of plaintiff at the place of delivery to defendant and were there presumably loaded on to the freight cars by the seller and that the purchaser's agent had nothing to do with the loading and paid no attention thereto until the cars were sealed.

3. CARRIERS—*liability for damages on other lines.* The liability of a carrier of freight for damages for loss occurring to freight is not limited to damages occurring on its own line in the absence of proof of any contract between the consignee and such carrier for such limitation to which the consignee assented.

Appeal by defendant from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1922. Affirmed. Opinion filed March 13, 1923.

KRAMER, KRAMER & CAMPBELL and POMEROY & MARTIN, for appellant.

WINSTON, STRAWN & SHAW, for appellee; WALTER H. JACOBS, of counsel.

MR. JUSTICE MORRILL delivered the opinion of the court.

The American Hide and Leather Company brought its action of assumpsit against the Southern Railway Company in the superior court of Cook county to recover the value of two carloads of green hides, for which it holds bills of lading issued by defendant at Mount Vernon, Illinois, June 25, 1920. These bills recite that one car contains 2,105 bundles and the other 1,908 bundles of salted green hides to be transported to Chicago, Illinois. With the exception of sixteen bundles, the merchandise never arrived. The court instructed the jury to find the issues for plaintiff and to assess plaintiff's damages at the sum of $23,822.97. This verdict being returned by the jury, judgment was entered thereon, from which defendant has appealed.

The record shows that the summons was served by delivering a copy thereof to one R. H. Morris, an agent of defendant. A verified plea to the jurisdiction of the court was filed, in which defendant alleged, in substance, that said Morris was not its agent at any time; that it is a Virginia corporation owning and operating a railroad through certain counties in Illinois, not including Cook county, in each of which it has agents upon whom service of process against it may be had, denied that it conducted any of its corporate business or had any agent in Cook county, Illinois, and further alleged that it was not found or served with process in Cook county. Upon the issue thus presented, a trial was had before the court without a jury, which resulted in a finding in favor of plaintiff and defendant was ordered to plead over.

· The record shows that Morris was a salaried employee of defendant, having an office in Chicago with numerous employees under him, where he solicited business for defendant and furnished information to persons doing business with it. Without discussing the evidence upon this subject in great detail, it is sufficient to say that in our opinion defendant was properly served and that the superior court had jurisdiction in the case. Defendant is a foreign corporation doing business in this State, and therefore subject to all the liabilities of a domestic corporation. This fact distinguishes the case from that of *Booz v. Texas & Pac. Ry. Co.*, 250 Ill. 376, upon which appellant relies. *O'Donoghue v. St. Louis S. W. Ry. Co.*, 181 Ill. App. 286.

The evidence shows that on June 20, 1920, one Cooper, who was employed by appellee as a receiver of hides, went to the warehouse of one Cornick, a hide dealer at Mount Vernon, for the purpose of superintending the sorting and weighing of hides which appellee proposed to purchase from Cornick. This work consumed several days and was finished June 25, 1920. Cornick's warehouse was located on a sidetrack belonging to appellant. As the hides were sorted and weighed they were taken from the warehouse by Cornick's employees in the direction of the two cars mentioned in the bills of lading, which were located several hundred feet down the track. Cooper had nothing to do with the loading and paid no attention to the cars until they were sealed up. He saw the wagons moving in the direction of the cars and some hides in one car. From his position in the warehouse he could see the car nearest thereto, the door of the car being open. He testified that on June 24, 1920, he saw a pile of hides in this car about four feet high containing more than 100 bundles, but could not definitely state the number. Wagons left the warehouse and went alongside the cars and the hides were thrown into the

308    Appellate Courts of Illinois.

American Hide & Leather Co. v. Southern Ry. Co., 228 Ill. App. 305.

cars by Cornick's employees. When the work of loading was completed the cars were closed and sealed and each of the side doors nailed at the bottom. They were further protected by a 2x4 timber, securely spiked, behind each of said doors, so that the doors could not be opened without removing the nails and cleats. The cars arrived in Chicago with the seals and fastenings intact, and had not been opened during transit. After the work of sorting, bundling and weighing the hides had been completed, invoices therefor were prepared which specified the number of bundles of each kind of hides, the weight, price and amount thereof, one of said invoices being for $12,469.-01 and the other $11,452.66. Each invoice contained notations directing the shipment to appellee at Chicago, Illinois, and the numbers and routing of the cars. The invoices were approved by Cooper and, thereafter, the bills of lading introduced in evidence were shown to Cooper, who thereupon handed to Cornick two drafts upon appellee payable at New York, dated June 25, 1920, for the amounts of the respective invoices. Cooper received and retained a duplicate copy of the bills of lading, the originals of which, together with the invoices, were attached to the drafts by Cornick, and presented at the New York office of appellee for payment. Appellee's cashier, upon their presentation, checked the amount of the invoices against the drafts and checked the number of bundles in the bills of lading and invoices, and thereupon paid the drafts by a check of appellee in the sum of $23,921.67. This check was paid. When the cars arrived in Chicago each of them contained only eight bundles of hides, whose fair cash market value was $98.70. The fair cash value of the hides described in the bills of lading at Mount Vernon and at Chicago was not less than $23,921.67.

The defense was embodied in a stipulation which was offered as to the testimony of certain employees of appellant and other railroad companies showing

the condition of the cars at various points along their route, and an effort to prove by witnesses facts tending to show nonreceipt of the shipment at Mount Vernon, with the exception of sixteen bundles of hides. The court refused to receive the stipulation in evidence.

Appellant contends that it is relieved from liability upon its bills of lading for the reason that it never received the merchandise therein described, and that Cornick, whose fraudulent acts occasioned the loss, was appellee's agent. Appellee bases its right of recovery upon the fact that it paid for the hides relying upon the description thereof contained in the bills of lading.

It is conceded by both parties that prior to the enactment of the Uniform Bills of Lading Act, a carrier which had issued a bill of lading reciting the receipt by it of certain property could defend by showing that as a matter of fact no goods had been received by it, both citing *Lake Shore & M. S. Ry. Co. v. National Live Stock Bank*, 178 Ill. 506, and other cases. There being no liability at common law for issuing a bill of lading without receiving the goods, even to a purchaser for value, appellant contends that it was incumbent upon plaintiff to allege and prove that defendant issued its bills of lading without receiving any hides before it can avail itself of section 23 of the Uniform Bills of Lading Act.

That section provides that if a bill of lading has been issued by a carrier or on his behalf by an agent, the scope of whose actual or apparent authority includes the issuing of bills of lading, the carrier shall be liable to the consignee named in a non-negotiable bill or the holder of negotiable bill who has given value in good faith relying upon the description therein of the goods for damages caused by the nonreceipt by the carrier or a connecting carrier of all or part of the goods or their failure to correspond with the descrip-

tion thereof in the bill at the time of its issue. Cahill's Ill. St. ch. 27, ¶ 24. It is undisputed that the bills of lading involved herein were issued by an agent of appellant within the scope of his authority. The evidence shows that appellee paid for the merchandise in good faith, relying upon the description of the goods contained in the bills of lading. The section contains a further provision whereby the carrier may limit his liability by inserting in the bill of lading the words "shipper's load and count," which was not done in the present case.

We cannot agree with the contention of appellant that plaintiff was under any obligations to allege or prove the nonreceipt of the goods at Mount Vernon by the carrier. Such a rule would require the holder of such a bill to make proof, which in many cases it would manifestly be impossible for him to make. The purpose of this section of the Uniform Bills of Lading Act was to give security to bills of lading in the hands of their owners or holders and to prevent losses to the buyers of merchandise, having the right to depend upon the bills of lading, and to bankers who have bought or discounted drafts secured by these bills of lading and to sellers and buyers of merchandise whose transactions have been discredited by reason of frauds perpetrated by fraudulent shippers conspiring with freight agents. The Federal Bill of Lading Law contains a provision substantially identical with that of section 23 of the Uniform Bills of Lading Act, but is necessarily limited in its application to shipments in interstate commerce. The above reasons which were urged in support of the federal act apply with equal force to the act governing shipments within the State. Roberts' Federal Liabilities of Carriers, vol. 1, sec. 351.

This view of the law has been followed in the only case involving said section 23 in this State to which our attention has been called. *Mid-City Trust & Sav-*

*ings Bank v. Chicago, M. & St. P. Ry. Co.*, 192 Ill. App. 225. Appellant acknowledged the receipt of the goods by the issuance of the bills of lading, from which it appeared that appellant had received the goods, thereby making it possible for appellee to believe that appellant had received them, and in reliance upon that belief to pay the drafts to which bills of lading were attached. *Johnson Lumber Co. v. Great Northern Ry. Co.*, 104 Wash. 354, 176 Pac. 343.

We find no evidence to support appellant's contention that Cornick was the agent of appellee. Appellant's further contention that its liability is limited to damages occurring on its own line cannot be sustained in the absence of any proof showing a contract for such limitation to which the consignee assented. *Chicago & N. W. Ry. Co. v. Simon*, 160 Ill. 648; *Plaff v. Pacific Exp. Co.*, 251 Ill. 243; *Illinois Match Co. v. Chicago, R. I. & P. Ry. Co.*, 250 Ill. 396. The trial court correctly instructed the jury to return a verdict in favor of plaintiff.

The judgment of the superior court is affirmed.

*Affirmed.*

BARNES, P. J., and GRIDLEY, J., concur.