## Philadelphia Rapid Transit Company, Appellant, v. Coast Fir & Cedar Products Company, Appellee.

### Gen. No. 30,696.

1. MUNICIPAL COURTS—*effect of motion to dismiss and supporting affidavit.* Under rule 12 of the municipal court of Chicago, a motion to dismiss and the supporting affidavit are equivalent to a sworn plea in abatement.

2. PLEADING—*plea as evidence of facts set up therein.* A plea, even though verified, is not evidence of the facts set up therein.

3. PROCESS—*mode of attacking service on corporation.* Where the return of service of process on a corporation by leaving a copy with an alleged agent of the corporation is regular on its face but it is sought to be shown that the person served was not the agent of the corporation, evidence *dehors* the record must be offered and this may be done only where a plea in abatement to the jurisdiction of the court is filed; where, however, the service on its face shows that it was not in accordance with the law, it may be quashed upon motion.

4. MUNICIPAL COURTS—*receiving in evidence of affidavit filed in support of motion to dismiss held error.* Where defendant, in an action brought in the municipal court of Chicago against a foreign corporation, filed a motion to dismiss, under rule 12, on the ground that it had not been served with summons, the person with whom a copy of the summons had been left not having been

its agent either for the service of summons or otherwise, but the service, as shown by the bailiff's return was regular, held that the court erred in receiving in evidence, over plaintiff's objection, the affidavit filed in support of the motion as evidence of the facts relied on by defendant, and, further, that plaintiff did not waive the error by putting in evidence tending to contradict the averments of such affidavit.

5. TRIAL—*when objection to evidence is not waived.* Where evidence is introduced over the objection of opposing counsel, the latter may offer countervailing evidence without waiving his objection.

6. PROCESS—*representative of foreign corporation as agent on whom service of summons might be made.* Representative of foreign corporation held such an agent of the corporation that service of summons under the statute might properly be made upon him in a suit against the corporation.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. THEODORE F. EHLER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed and remanded with directions. Opinion filed June 23, 1926. Rehearing denied July 8, 1926.

BUTLER, LAMB, FOSTER & POPE, for appellant: ARTHUR FISHER, of counsel.

SILBER, ISAACS, SILBER & WOLEY, for appellee; CLARENCE J. SILBER, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendant to recover $7,500 damages claimed to have been sustained by plaintiff on account of the defendant's breach of a contract. Thereafter defendant entered its special appearance and moved to dismiss the suit on the ground that it had not been served with summons. There was a hearing of the motion before the court, the motion was sustained, the service quashed and the suit dismissed. The summons was served on the defendant by leaving a copy thereof with "Fred J. Schnell, Agent" of the defendant. The

defendant stated that its motion was made pursuant to rule 12 of the municipal court. The affidavit on support of the motion was made by the president of the defendant corporation and set up that the defendant was an Oregon corporation and maintained its principal office and place of business in the city of Portland of that State; that it was engaged in the sale and distribution of lumber; that at the time of the commencement of the suit, it did not own or possess any property in Chicago or Cook county, Illinois; that it "did not transact any business or exercise any of its charter powers" in Chicago or this State; that it maintained no office or place of business in Cook county for the transaction of its corporate business; that it had no clerk, officer or other representative in Cook county when the suit was brought or at any time before that date; that Fred J. Schnell, a resident of Chicago, upon whom service of summons purported to have been made as agent of the defendant, was not an agent, officer or employee of the defendant "for service of summons or otherwise"; that Schnell from September 1, 1923, was a salesman employed by the defendant with authority only to solicit orders for lumber; that he was paid a commission upon orders solicited and received by him and accepted by the defendant; that he had no authority and did not accept orders on behalf of the defendant; that his sole authority was the solicitation of orders and the transmission of them to Portland, Oregon, for the defendant's approval and acceptance or rejection.

This motion and affidavit were filed on July 20, 1925, and on July 31, 1925, the motion came on for hearing, and defendant to sustain its motion, over objection of plaintiff, offered and read in evidence the affidavit of its president. Plaintiff then offered evidence to the effect that Fred J. Schnell had represented the defendant company in Chicago for about two years and that for about a year and a half of that period he had

been defendant's sales manager in Chicago. The evidence further shows that Schnell executed two leases in the name of the defendant for office space in Chicago; that during the first year covered by one of the leases the office was located in the Chamber of Commerce Building and on the door of the office appeared the name of the defendant, "Coast Fir and Cedar Products Company, Fred J. Schnell, District Sales Manager"; that the second lease was for space in the Roanoke Building at No. 11 South La Salle Street, Chicago, and on the door appeared the name of the defendant "Coast Fir and Cedar Products Company, Fred J. Schnell, District Manager"; that on the bulletin board in these two buildings, in the Chamber of Commerce and later in the Roanoke Building, appeared the name of the defendant, giving its room number; that in the Chicago telephone directory the defendant's name appeared "Coast Fir and Cedar Products Company, Wholesale Lumber, No. 11 South La Salle Street, telephone Dearborn 1261." The evidence further tends to show that plaintiff's suit was based upon an alleged breach of two contracts entered into between it and the defendant through Schnell.

Schnell was called as witness by the plaintiff and testified *inter alia* that he had been selling lumber for the defendant; that he had been representing the defendant company in soliciting orders for lumber in Chicago for about two years and that when he occupied the two offices above mentioned, the president of the defendant company, John W. Miller, called on him, both in the Chamber of Commerce and Roanoke Buildings and on each occasion the name of the defendant, together with its name, as above quoted, appeared on the office door, but that he did not know whether Miller observed this fact or not. Considerable correspondence is in the record which passed between the parties. On October 27, 1923, Schnell on behalf of the defendant company wrote a letter to plain-

tiff. The letterhead gives the name of the company and Schnell is named as district sales manager in the Chamber of Commerce Building, and the letter concerns a business transaction between the plaintiff and the defendant, in which Schnell states that he did not ask the advice from the ''home office,'' the home office of the company being at Portland, Oregon. On April 2, 1925, he wrote another letter to plaintiff on the defendant's letterhead, showing himself as district manager, with offices in the Roanoke Building. On the trial Schnell produced correspondence which had passed between him and the defendant and in this correspondence it appears that letters from Portland would be addressed to the ''Chicago office'' and from Schnell to the defendant at Portland as the ''home office.'' A reading of this correspondence, we think, shows that Schnell was representing the defendant in Chicago in the sale of its lumber in such a capacity as would warrant the service of summons upon it by leaving a copy with him. Schnell further testified that defendant, during the first year he represented it in Chicago, had sold and delivered in Chicago about 337 carloads of lumber and during the second year 600 or 700 carloads. He further testified upon cross-examination by counsel for the defendant that he did not know whether the home office in Portland had ever seen the letterhead which he used in Chicago and upon which his name appeared as manager of the defendant company; that he had the letterhead made in Chicago from one of the letterheads he had received from Portland. He further testified that he had a memorandum letterhead, which he used in his correspondence with the home office and on which his name did not appear; that he had no authority to make any contracts on behalf of the defendant; that he paid the office rent for the offices which he occupied and that he was paid his commission by the home office in the way of checks. A careful examination of all the evidence in the rec-

Phila. Rap. Tran. Co. v. Coast Fir & Cedar Prod. Co., 241 Ill. App. 320.

ord impels us to say that some of his testimony must be taken *cum grano salis.*

Plaintiff contends that the court erred in admitting in evidence, over its objection, the affidavit made in support of the motion to quash the service and dismiss the suit; that in the municipal court this motion is made pursuant to rule 12 of that court and is equivalent to a plea in abatement in an action in a common law court. Counsel for the defendant reply that this was proper procedure; that such motions may be heard upon affidavits; that, moreover, rule 12 of the municipal court is not in the record and that this court cannot take judicial notice of it, and, therefore, we must assume that the practice followed was in accordance with the law, and that even if the affidavit should not have been received in evidence, the plaintiff is in no position to complain, because after the defendant had read the affidavit in evidence, plaintiff, instead of standing on the record as it was, introduced evidence tending to contradict the averments in the affidavit, and, therefore, waived the point. We think none of these contentions can be sustained. The record discloses that when the matter came on for hearing, counsel for the defendant stated to the court that the motion was "made under rule 12 of this court to dismiss the action, equivalent to a plea in abatement, or in the nature of a plea in abatement, to quash the service for insufficiency of the authority of the pretended agent, Mr. Fred Schnell, upon whom service was made in this case." This shows that the motion made under rule 12 of the municipal court is equivalent to a plea in abatement, and our Supreme Court in the case of *Friend & Co. v. Goldsmith & Seidel Co.,* 307 Ill. 45, in discussing a somewhat similar motion made under rule 12 of the municipal court, said (p. 48): "Under the rule adopted as provided in the Municipal Court Act, the motion and affidavit were equivalent to a sworn plea in abatement." While there are cases in

the books where the service was quashed upon motion where the return of the sheriff was regular on its face, yet it appears that in those cases the question whether this was proper procedure was not considered. It is elementary that a plea is not evidence of the facts set up in the plea. To sustain a plea evidence must be offered and not the verified plea itself. Where the return of the officer serving the writ is regular upon its face, but it is sought to be shown that where a corporation is served with process, by leaving a copy with one of its agents, the person served is not the agent of the corporation, evidence *dehors* the record must be offered and this may be done only where a plea in abatement to the jurisdiction of the court is filed. But where the service on its face shows that it is not in accordance with the law, then the service may be quashed upon motion. *Clark v. The Daniel Hayes Co. of Idaho*, 215 Ill. App. 350.

In the instant case the service, as shown by the return of the bailiff, was regular and, therefore, it could only be questioned by motion to dismiss, supported by an affidavit in the municipal court which is equivalent to a plea in abatement. This required evidence and the court erred in receiving in evidence the affidavit in support of the motion. Nor was the point waived by the plaintiff by putting in evidence tending to contradict the averments of the affidavit, because it is the law that where evidence is introduced over objection of opposing counsel, the latter may offer countervailing evidence without waiving his objection. *Chicago City R. Co. v. Uhter*, 212 Ill. 174.

The defendant further contends that since the plaintiff was accorded the right and benefit of a full hearing, having produced witnesses as well as documentary evidence, and the evidence having shown that the facts set up in the affidavit in support of the motion to quash the service and dismiss the suit were true, plaintiff ought not to be permitted to argue that the practice

pursued was improper and it is argued that the evidence adduced shows that the defendant was not doing business within Illinois and that service upon Fred J. Schnell was a nullity and the case of *Booz v. Texas & P. R. Co.*, 250 Ill. 376, is chiefly relied upon. That case has been cited and commented upon in a number of cases by the Supreme Court and by this court, and we think it is not in point. In that case the alleged agent, upon whom the service was made, was merely a soliciting agent and the defendant did no business in Illinois, while in the instant case the defendant shipped over 1,000 cars of lumber into Illinois. *O'Donoghue v. St. Louis Southwestern Ry. Co.*, 181 Ill. App. 286. Moreover, we think the evidence discloses that Schnell made contracts in Illinois on behalf of the defendant. He was held out as manager of the defendant and his name appeared as such on the doors of the two offices in Chicago and the letterheads bore evidence of the same fact. The correspondence passing between the parties, as shown by the record, indicates in our opinion that he was such an agent that service of summons under the statute might properly be made upon him in a suit against the defendant corporation.

The judgment of the municipal court of Chicago, quashing the summons and dismissing the suit, is reversed and the cause is remanded with directions that the defendant be allowed to plead to the merits, if it is so advised. *Armour & Co. v. Goldsmith & Seidel Co.*, 225 Ill. App. 331.

*Reversed and remanded with directions.*

TAYLOR, P. J., and THOMSON, J., concur.